# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RICK LYN SHADDON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3356-CV-S-RED-H |
| ROBERT McFADDEN, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he contends that he is being illegally detained. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Petitioner has prepaid the filing fee and does not request leave to proceed in forma pauperis. Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that the petition for writ of habeas corpus be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner contends that the court did not have the authority to impose the sentence he received, under the recent holding in Blakely v. Washington, 124 S. Ct. 2531 (2004).

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255, unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been

met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Petitioner questions the jurisdiction of the sentencing court to have enhanced his sentence under Blakely, and attempts to raise a claim of actual innocence of the unconstitutionally enhanced sentence before this Court. It should be noted that whether Blakely applies to the federal sentencing guidelines is an unsettled area of the law. Although petitioner attempts to construe his claim as one for relief under 28 U.S.C. § 2241, a careful reading of his petition indicates that he is, in fact, challenging his sentence. The issues he raises are cognizable, if at all, in the sentencing court pursuant to 28 U.S.C. § 2255.[1] This Court lacks jurisdiction of petitioner's claims under § 2241. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date: 11/04/04

---

[1] The Court recognizes that petitioner was sentenced in this district. His case will not, however, be liberally construed as a § 2255 motion and referred to the sentencing court. Petitioner has made clear in this and earlier cases that he does not want to have his petition brought as a § 2255 motion.